## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SEAN DAVILA,

        Plaintiff,

vs.                                                                                    No. CIV 16-0007 JB/LF

LOS ANGELES COUNTY DEPARTMENT
OF CHILDREN AND FAMILY SERVICES, and
DOES 1-20 INCLUSIVE,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 7, 2016 (Doc. 14)("PFRD").  On June 7, 2016, the Honorable Laura Fashing, United States Magistrate Judge, filed the PFRD advising the Court to transfer this case to the United States District Court for the Central District of California.  Plaintiff Sean Davila has not filed any objections to the PFRD, thereby waiving his right to review of the proposed disposition.  See United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1060 (10th Cir. 1996)("One Parcel").  To date, Davila has not filed any objections, and there is nothing in the record indicating the PFRD was not delivered.  The Court has read Judge Fashing's PFRD, and has determined that Judge Fashing's proposed findings and recommended disposition are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Consequently, the Court adopts the PFRD as its own and transfers this case to the United States District Court for the Central District of California.

## PROCEDURAL BACKGROUND

Davila filed his Complaint for Damages on January 4, 2016 (Doc. 1)("Complaint"). Davila alleges that Defendants Los Angeles County Department of Children and Family Services ("DCFS") and Does One through Twenty violated his and his wife's rights to due process under the Fourteenth Amendment to the Constitution of the United States of America, by not allowing Davila to appear at hearings which concluded with DCFS' decision to place a ban on Plaintiff and his wife from adopting.   Complaint ¶¶ 160-178, at 24-27.

Judge Fashing reviewed the Complaint and found:

It appears from the allegations in the Complaint that Plaintiff did not file this case in the proper district.   Plaintiff lists the Los Angeles County Department of Children and Family Services and 20 Does as defendants in this case.   The factual allegations in the Complaint indicate the events giving rise to this case occurred in or near Los Angeles County, California, and that the Doe defendants reside in California.   Plaintiff also states:   "At all relevant times mentioned in this Complaint, Plaintiff Sean Davila and Shelly Davila were residents of Los Angeles County, California."   Complaint ¶ 6 at 2.

Order to Show Cause at 2.   Judge Fashing quoted the statutes governing venue in general, 28 U.S.C. §1391(b), and transfer to cure a venue defect, 28 U.S.C. § 1406, and ordered Davila to "show cause why the Court should not dismiss or transfer this case for improper venue."   Order to Show Cause at 2.   Judge Fashing also notified Davila that "[f]ailure to time show cause may result in dismissal or transfer of this case."   Order to Show Cause at 1.

Davila did not respond to the Order to Show cause by the February 16, 2016, deadline. After reviewing the docket, Judge Fashing entered her PFRD which states, in part:

Plaintiff has since filed five documents, none of which show cause why the Court should not dismiss or transfer this case for improper venue.   On February 22, 2016, Plaintiff filed a Request for Leave to Amend Complaint Prior to Order to Show Cause (Doc. 8) and a Declaration (Doc. 9) in support of the motion for leave to file an amended complaint.   The motion for leave to file an amended complaint refers to "New Mexico incidents" without describing those incidents.   The Declaration indicates that some "incidents . . . occurred while [Plaintiff and his

wife] were residents of New Mexico." Plaintiff filed his Amended Complaint (Doc. 10) on March 3, 2016. The Amended Complaint appears to be almost identical to the original Complaint, with the exception that it now states "At all relevant times mentioned in this Complaint, Plaintiff Sean Davila and Shelly Davila were residents of *both* Los Angeles County, California, *and Rio Rancho, New Mexico*." Doc. 10 at 2 (italics show change from original Complaint). On April 13, 2016, Plaintiff filed a document titled "Order to Show Cause" (Doc. 11) in which he states that venue in the District of New Mexico is appropriate because:

> 1) Intentional breaches of the ACT[1] that are part of the case occurred in NM.
>
> 2) Plaintiff's professional career in New Mexico was affected by the acts in California.
>
> 3) Defendant filed false documents about [Davila] while [Davila] was a resident of New Mexico.
>
> 4) Defendant also breached an agreement to settle the matter while Davila was a resident of New Mexico.
>
> 5) Further – there is sexual abuse of two little girls involved in this case. [Davila] intentionally omitted said abuse from the filed complaint, because these are public documents. This ties directly into the New Mexico Venue request.

Doc. 11. Finally, Plaintiff filed a motion for an extension of time to serve the summons and complaint (Doc. 12).

I find that Plaintiff did not show cause why the Court should not dismiss or transfer this case for improper venue by the February 17, 2016, deadline. I also find that the documents that Plaintiff filed after the February 17, 2016, deadline do not show cause why the Court should not dismiss or transfer this case for improper venue. The venue statute does not provide, and Plaintiff cites no legal authority to show, that venue is proper in a judicial district where plaintiff resides when the events giving rise to the claim occurred, or that venue is proper in a judicial district where the effects of those events are experienced. Although Plaintiff alleges that "intentional breaches of the ACT that are part of the case occurred in NM," he does not describe those breaches. Neither the original Complaint nor the Amended Complaint describe "intentional breaches of the ACT [that] occurred in NM."

I recommend that this case be transferred to the Central District of California because the Complaint and the Amended Complaint indicate that the events giving rise to this case occurred in or near Los Angeles County and it

---

[1]It is not clear from the documents what "ACT" represents.

appears that all of the defendants reside in California.   I recommend transfer in the interest of justice, rather than dismissal, to avoid statute of limitations issues on Plaintiff's claims because some of the events in the Amended Complaint occurred in 2012.

PFRD at 2-4.   Judge Fashing also notified Davila that he must file any objections with the Clerk of the District Court within fourteen days of service of the PFRD if he wants to have appellate review of the PRFD.   See PFRD at 4.   Davila did not file objections to the PFRD by the June 24, 2016, deadline.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Similarly, 28 U.S.C. § 636 provides:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" One Parcel, 73 F.3d at 1059 (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

_____

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R.

In Underline One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.   See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.   The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.   See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).   There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.   Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.   Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).   The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.   See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.   If no objections come in, I merely sign the

---

32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that Pevehouse v. Scibana and Driggers v. Clark, 422 F. App'x 747 (10th Cir. 2011) have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the M agistrate J udge's proposed findings and recommendation on "dispositive motions, the statute calls for a *de novo*

determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).

"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

place on a magistrate's proposed findings and recommendations." United States v. Raddatz,

447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261,

275 (1976)).   The Tenth Circuit requires a "district court to consider relevant evidence of

record and not merely review the magistrate judge's recommendation" when conducting a de

novo review of a party's timely, specific objections to the Magistrate Judge's report. In re

Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).    "When objections are made to the magistrate's

factual findings based on conflicting testimony or evidence . . . the district court must, at a

minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v.

Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when

a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v.

Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28

U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."

Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).   A district court need

not, however, "make any specific findings; the district court must merely conduct a *de novo*

review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).

"[T]he district court is presumed to know that de novo review is required. Consequently, a brief

order expressly stating the court conducted de novo review is sufficient." Northington v. Marin,

102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress

references to de novo review in its order must be taken to mean it properly considered the

pertinent portions of the record, absent some clear indication otherwise." <u>Bratcher v.</u>
<u>Bray-Doyle Indep. Sch. Dist. No. 42</u>, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has
previously held that a district court properly conducted a de novo review of a party's evidentiary
objections when the district court's "terse" order contained one sentence for each of the party's
"substantive claims" and did "not mention his procedural challenges to the jurisdiction of the
magistrate to hear the motion." <u>Garcia v. City of Albuquerque</u>, 232 F.3d at 766. The Tenth
Circuit has explained that brief district court orders that "merely repeat[] the language of §
636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted
a de novo review:

> It is common practice among district judges in this circuit to make such a statement
> and adopt the magistrate judges' recommended dispositions when they find that
> magistrate judges have dealt with the issues fully and accurately and that they could
> add little of value to that analysis. We cannot interpret the district court's
> statement as establishing that it failed to perform the required de novo review.

<u>In re Griego</u>, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the
exercise of sound judicial discretion, chose to place on a Magistrate Judge's proposed findings
and recommendations," <u>United States v. Raddatz</u>, 447 U.S. at 676 (emphasis omitted), a district
court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by
the magistrate," 28 U.S.C. § 636(b)(1).

Where no party objects to the Magistrate Judge's proposed findings and recommended
disposition, the Court has, as a matter of course and in the interests of justice, reviewed the
Magistrate Judge's recommendations. In <u>Pablo v. Soc. Sec. Admin.</u>, No. CIV 11-0132 JB/ACT,
2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff failed to respond to
the Magistrate Judge's proposed findings and recommended disposition, and thus waived his
right to appeal the recommendations, but the Court nevertheless conducted a review. <u>S e e</u> 2013

WL 1010401, at *1, *4.   The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.)).   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").   This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is

nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## LAW REGARDING VENUE

"Venue is defined as the appropriate district court in which to file an action." Whiting v. Hogan, 855 F. Supp. 2d 1266, 1282 (D.N.M. 2012)(Browning, J.)(citing NLRB v. Line, 50 F.3d 311, 314 (5th Cir. 1995)). Venue's purpose is to assure that lawsuits are filed in appropriately convenient courts for the matters raised and for the parties involved in the action. See Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979). Venue should not be confused with subject-matter jurisdiction, see Wachovia Bank v. Schmidt, 546 U.S. 303, 315-16 (2006), or with personal jurisdiction, see Leroy v. Great W. United Corp., 443 U.S. 173, 185 (1979)("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."). "To the extent that they are relevant, the laws relating to venue give added protection to defendants beyond those that are provided by the statutory and constitutional prerequisites of personal jurisdiction." 14D C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3801, at 15 (2007).

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

## LAW REGARDING TRANSFER OF VENUE

"Congress enacted the federal change-of-venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."   Whiting v. Hogan, 855 F. Supp. 2d 1266, 1284 (D.N.M. 2012)(Browning, J.).   Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622, (1964)).

"The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice."   Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977.   The statute permits a "flexible and individualized analysis," and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.   Stewart Org., Inc. v. Ricoh Corp., 487 U.S. at 29.

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d at 1516 (internal quotation marks omitted).   See Silver v. Brown, 678 F. Supp. 2d at 1204 (stating the factors that the courts consider in making a venue determination under § 1404(a)).

"28 U.S.C. § 1406 permits transfer to cure a venue defect."   Whiting v. Hogan, 855 F. Supp. 2d at 1266.   It provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   28 U.S.C. § 1406.   Although both § 1404(a) and § 1406(a) "were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid."   Van Dusen v. Barrack, 376 U.S. 612, 634 (1964).

The "interest of justice" is a separate element of the transfer analysis that relates to the court system's efficient administration.   Van Dusen v. Barrack, 376 U.S. at 626-27.   "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy."   Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citations omitted).   In some circumstances, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."   Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)).   The Tenth Circuit has interpreted the phrase -- "if it is in the interest of justice" – to grant a district court discretion in making the decision to transfer the action.   Driggers v. Clark, 422 F.

App'x 747, 749-50 (10th Cir. 2011)(unpublished)(citing Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006)).

## ANALYSIS

Although no party objected to the PFRD before the deadline to do so, the Court has reviewed the PFRD.   While the Court did not conduct a de novo review, it conducted enough of a review to determine that Judge Fashing's findings and recommended disposition in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court will, therefore, adopt the PFRD as its own.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 7, 2016 (Doc. 14), is adopted; and (ii) this case is transferred to the United States District Court for the Central District of California.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Sean Davila
Albuquerque, New Mexico

     *Plaintiff Pro se*

- 14 -